# IMPORTANT NOTICE
# <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

# $\mathfrak{Supreme}$ $\mathfrak{Court}$ $\mathfrak{of}$ $\mathfrak{Kentucky}$

2015-SC-000436-MR

ROBERT MAY　　　　　　　　　　　　　　　　　　　　　APPELLANT

V.

ON APPEAL FROM HARDIN CIRCUIT COURT
HONORABLE KELLY M. EASTON, JUDGE
NO. 14-CR-00666

COMMONWEALTH OF KENTUCKY　　　　　　　　　　　　　APPELLEE

## MEMORANDUM OPINION OF THE COURT

## AFFIRMING

On October 13, 2014, Appellant, Robert James May, led police officers on a high-speed car chase while driving a stolen vehicle. The pursuit was initiated after officers observed Appellant driving at a high rate of speed forcing a car off the road, causing the car to crash into a residence located near the road. Appellant eventually abandoned the vehicle and fled on foot.

Louise Martin was at her daughter's house located in a nearby subdivision when she observed Appellant run by a window. Ms. Martin, who was approximately sixty-nine years old at the time, went to the garage where she encountered Appellant. While outside of the garage, he stated that he had been jogging and needed water. He then walked through the garage and toward the door to the house. Ms. Martin told him to leave. Appellant refused

and attempted to enter the van that was located in the garage. Ms. Martin repeatedly said "no, you're not taking the car." Appellant stopped and exited the car. Ms. Martin removed the keys which were inside the car.

While still inside the garage, Appellant again walked toward the door to the house. Ms. Martin pursued him but then started to leave the scene believing that Appellant was attempting to trap her in the garage by closing the garage doors. Appellant grabbed her multiple times, causing her to fall to the ground. She suffered physical injuries as a result.

Appellant eventually released Ms. Martin, who then fled the scene. While fleeing, she observed Appellant enter the house. The police arrived sometime thereafter and searched the house. Appellant was not inside. He was eventually discovered near a tree line by the police dog Pharaoh, who bit Appellant, causing puncture wounds to his side. Appellant was then taken into custody.

Appellant was subsequently arrested and indicted on several charges. A Hardin Circuit Court jury convicted Appellant of first-degree burglary, receiving stolen property (over $500), first-degree fleeing or evading the police, and for being a first degree persistent felony offender. Appellant was acquitted of kidnapping Ms. Martin. The jury recommended a total sentence of 20 years' imprisonment. The trial court imposed a total sentence of 25 years' imprisonment. Appellant now appeals his judgment and sentence as a matter of right pursuant to § 110(2)(b) of the Kentucky Constitution. Two issues are raised and addressed as follows.

**Directed Verdict**

Appellant argues that the trial court erred in denying his motion for a directed verdict on the first-degree burglary charge. We will reverse the trial court's denial of a motion for directed verdict "if under the evidence as a whole, it would be *clearly unreasonable* for a jury to find guilt[.]" *Commonwealth v. Benham,* 816 S.W.2d 186, 187 (Ky. 1991) (citing *Commonwealth v. Sawhill,* 660 S.W.2d 3 (Ky. 1983) (emphasis added)). Our review is confined to the proof at trial and the statutory elements of the alleged offense. *Lawton v. Commonwealth,* 354 S.W.3d 565, 575 (Ky. 2011).

First-degree burglary, as charged against Appellant, requires proof of physical injury. KRS 511.020(1)(b). Pursuant to KRS 500.080(13), physical injury is defined as "substantial physical pain or any impairment of physical condition." The Commonwealth presented evidence indicating that Ms. Martin was attacked by Appellant in her daughter's garage while he was attempting to steal a van that was located in the garage. As previously stated, the victim testified that Appellant grabbed her multiple times while she was attempting to flee, causing her to fall to the ground. As a result of the encounter, the victim's shirt was torn, she had marks on her body indicating a struggle, and her ear was bleeding. The Commonwealth introduced photographic evidence taken soon after the commission of the crime documenting the victim's injuries. The victim required medical attention, including having her ear lobe sutured as a result of her ear ring being torn from her ear during the altercation.

3

In support of his argument, Appellant cites to Ms. Martin's trial testimony, wherein she stated that she did not feel any injury to her ear during the physical encounter with Appellant and that she could not say whether Appellant caused the injury to her ear lobe. Appellant claims that because the victim could have injured herself at various points during and after the altercation, the precise moment of her injury is unknown. As such, Appellant argues that no reasonable juror could have found that Appellant caused the victim's physical injury. We disagree.

The Commonwealth presented more than enough evidence here to instruct the jury on the first-degree burglary charge. Ms. Martin's testimony that she did not feel any injury to her ear while in the heat of the moment as well as her inability to pinpoint the precise moment of her injury did not require a directed verdict in Appellant's favor. There was no error here.

## Sentencing

Appellant also claims that the trial court abused its discretion when it ran one of Appellant's sentences consecutively instead of concurrently, which the jury had recommended. Appellant specifically argues that Kentucky's sentencing scheme violates his Sixth Amendment right to jury trial. This issue is unpreserved and we will review for palpable error. *See Walker v. Commonwealth*, 349 S.W.3d 307, 313 (Ky. 2011) ("even alleged constitutional errors, if unpreserved, are subject to palpable error review."); *see also Jones v. Commonwealth*, 319 S.W.3d 295, 297 (Ky. 2010).

4

Appellant correctly observes that Kentucky law authorizes a trial judge to run sentences consecutively even if the jury recommended concurrent sentences. KRS 532.110; and *Dotson v. Commonwealth*, 740 S.W.2d 930 (Ky. 1987). As previously stated, however, Appellant argues that our sentencing scheme violates this Sixth Amendment. He relies primarily on the recent U.S. Supreme Court case of *Hurst v. Florida*, No. 14-7505, 2016 WL 112683 (2016). *Hurst* involved Florida's capital sentencing scheme under which an advisory jury issues a sentencing recommendation to a judge, and then the judge makes the ultimate findings needed for imposition of a death sentence. The Court held that such a sentencing scheme violated the Sixth Amendment. *See also Ring v. Arizona*, 536 U.S. 584, 589 (2002) (holding that "[c]apital defendants, no less than noncapital defendants, we conclude, are entitled to a jury determination of any fact on which the legislature conditions an increase in their maximum punishment.").

Unlike *Hurst* and *Ring*, the judge in the present case did not make any findings of fact constituting "the functional equivalent of an element of a greater offense[.]" *Id.* at 585 (citation omitted). Nor was he required to make any findings. He merely ordered that one of the sentences be ran consecutively instead of concurrently with the remaining sentences. Such a determination is permissible under Kentucky law and current U.S. Supreme Court precedent. *Oregon v. Ice*, 555 U.S. 160 (2009) (holding that the Sixth Amendment does not inhibit States from assigning to judges, rather than to juries, finding of facts

5

necessary to imposition of consecutive, rather than concurrent, sentences for multiple offenses.) Therefore, there was no error here.

## Conclusion

For the foregoing reasons, we hereby affirm the judgment of the Hardin Circuit Court.

All sitting. All concur.


COUNSEL FOR APPELLANT:

Susan Jackson Balliet
Assistant Public Advocate


COUNSEL FOR APPELLEE:

Andy Beshear
Attorney General of Kentucky

Matthew Robert Krygiel
Assistant Attorney General